**Opinion issued August 30, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-10-00800-CV**

_____

**DONALD C. JACKSON, Appellant**

**V.**

**TEXAS BOARD OF PARDONS & PAROLES, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2002-51048**

---

**MEMORANDUM OPINION**

This is an attempted appeal from an order administratively closing the underlying trial court case. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, no final judgment has been entered in this pending case. Instead, the trial court

administratively closed the case. An order administratively closing a case is not a final judgment subject to direct appeal, because either party may move in the trial court to reopen a case that has been administratively closed.[1] *See, e.g., Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 622 n.2 (Tex. App.—Dallas 2004, no pet.) (case that has been administratively closed remains subject to reopening by motion).

On June 5, 2012, the Court notified the parties of its intent to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction within 10 days of the date of the notice. *See* TEX. R. APP. P. 42.3(a). Appellant filed a response, but it does not show grounds for continuing the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

---

[1] However, the denial of a motion to reopen a case that has been administratively closed may constitute a final judgment from which a direct appeal may be taken. *Cf. Stromberger v. Law Offices of Windle Turley, P.C.*, No. 05-06-00841-CV, 2007 WL 2994643, at *3 (Tex. App.—Dallas 2007, no pet.) (mem. op.) (denial of motion to reopen an administratively closed matter has the practical effect of dismissing the case).